**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4642**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO JONES, a/k/a Dre,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge.  (1:17-cr-00475-ELH-11)

Submitted:  May 10, 2019                                 Decided:  June 3, 2019

Before FLOYD and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

G Arthur Robbins, CHESAPEAKE MERIDIAN, Annapolis, Maryland, for Appellant. Matthew DellaBetta, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Jones appeals his conviction and 120-month sentence imposed following his guilty plea to conspiracy to distribute cocaine and a kilogram or more of heroin, in violation of 21 U.S.C. § 846 (2012). Jones's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court abused its discretion and violated Jones's Sixth Amendment right to a jury trial when it denied his motion to withdraw his guilty plea. Jones was notified of his right to file a pro se supplemental brief but has not done so. The Government moves to dismiss the appeal pursuant to the appeal waiver provision in the plea agreement. Jones opposes the motion. Having thoroughly reviewed the record, we dismiss the appeal in part and affirm in part.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it was both knowing and voluntary. *United States v. Davis*, 689 F.3d 349, 355 (4th Cir. 2012) (per curiam). Jones does not dispute the validity of the appeal waiver, and our review of the plea colloquy demonstrates that it was knowing and voluntary. However, Jones argues that his claims challenging the denial of his motion to withdraw his guilty plea fall outside the scope of the appeal waiver. He asserts that these claims implicate the validity of the plea agreement itself and that precluding review of these issues would be antithetical to the administration of justice.

2

Upon our thorough review of the record, we find Jones's arguments unpersuasive. "An appeal waiver will not bar appellate review where a plea-withdrawal motion incorporates a *colorable* claim that the plea agreement itself—and hence the waiver of appeal rights that it contains—is tainted by constitutional error." *United States v. Cohen*, 888 F.3d 667, 683 (4th Cir. 2018) (internal quotation marks omitted). For example, an appeal waiver will not preclude an "appeal[] from the denial of a motion to withdraw [a] guilty plea[] due to ineffective assistance of counsel." *Id.* Similarly, "even valid appeal waivers do not bar claims that a factual basis is insufficient to support a guilty plea," as such a claim "goes to the heart of whether the guilty plea, including the waiver of appeal, is enforceable." *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 494 (2018).

Jones fails to present a colorable claim that his guilty plea was "tainted by constitutional error," *Cohen*, 888 F.3d at 683, or lacked a factual basis, *see McCoy*, 895 F.3d at 364. "A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (alterations, citations, and internal quotation marks omitted). "Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established . . . ." *Id.* at 221–22. Any assertion that Jones's guilty plea was unknowing or involuntary is belied by his testimony at both the plea hearing and the hearing on his motion to withdraw his guilty plea. In light of his unrefuted admissions

3

during these hearings, the record demonstrates that his attempt to withdraw his guilty plea was the result of a change of heart, not constitutional error. We therefore conclude that Jones's challenge to the denial of his motion to withdraw his guilty plea falls within the broad compass of his waiver of the right to appeal his conviction on any ground.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues for appeal that would fall outside the scope of Jones's valid appeal waiver. *See McCoy*, 895 F.3d at 363 (discussing unwaivable issues); *Cohen*, 888 F.3d at 683 (same). We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the scope of the waiver. To the extent there exist any claims not foreclosed by the waiver, we deny the motion to dismiss in relevant part and affirm the district court's judgment.

This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*
